**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

UNITED STATES OF AMERICA

v. Criminal No. 3:21CR137

COREY EUGENE YOUNG

## MEMORANDUM OPINION

This matter is before the Court on Petitioner Corey Eugene Young's pro se MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY ("§ 2255 Motion," ECF No. 56).[1] For the following reasons, the motion will be taken under advisement pending an evidentiary hearing.

## I. BACKGROUND

On November 16, 2021, a grand jury returned an indictment charging Young with possession of a firearm by a convicted felon (Count One) and possession with intent to distribute a mixture and substance containing a detectable amount of fentanyl and cocaine hydrochloride (Count Two). (ECF No. 3, at 1-2.)

Young, by his counsel, Jose E. Aponte, filed a Motion to Suppress. (ECF No. 15.) The Court conducted hearings on the

---

[1] The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system and corrects the capitalization and punctuation in quotations from Young's submissions.

Motion to Suppress on March 21 and April 18, 2022. (ECF Nos. 21, 28.) In an Order and a Memorandum Opinion entered on April 18 and 20, 2022, respectively, the Court denied the Motion to Suppress. (ECF Nos. 29, 30.)

On June 9, 2022, Young entered into a Plea Agreement and agreed to plead guilty to Count Two of the Indictment. (ECF No. 34 ¶ 1.) As part of the Plea Agreement, Young acknowledged that he was waiving his right to appeal "on any ground whatsoever other than an ineffective assistance of counsel claim that is cognizable on direct appeal." (Id. ¶ 6.) The Court conducted a plea colloquy with Young under Rule 11 of the Federal Rules of Criminal Procedure. During that proceeding, the following exchanges occurred between Young and the Court:

> THE COURT: Have you had enough opportunity of time to talk with Mr. Aponte about your case, any defenses you might have, as well as the decision to plead guilty and the terms of the plea agreement?
>
> MR. YOUNG: Yes, ma'am.
>
> THE COURT: Are you entirely satisfied with the things that he's done for you up until this point?
>
> MR. YOUNG: Yes, ma'am.
>
> . . . .
>
> THE COURT: There is also an appeal waiver in your agreement which means that the government can appeal from any sentence imposed, but you have agreed not to do so. You've waived your right both to appeal the conviction but also any sentence imposed. And so what

> that means is even if you think the sentencing Judge made a mistake in deciding what facts to consider under the sentencing guideline, or imposes a sentence beyond that which is recommended by the probation officer or sought by your attorney, you've agreed not to appeal so long as the Court doesn't exceed the statutory maximum; do you understand that?
>
> MR. YOUNG: Yes, ma'am.

(ECF No. 60, at 11-14). Young assured the Court that he had read and discussed the Plea Agreement and accompanying statement of facts with counsel. (ECF No. 60, at 12-13, 17-18.)

The Probation Office prepared a Presentence Investigation Report ("PSR") that concluded that Young faced an advisory Sentencing Guidelines sentence of between 151 and 188 months. (ECF No. 42 ¶ 85.) By Judgment entered on September 28, 2022, the Court dismissed Count One, convicted Young on Count Two, and sentenced him to 151 months of imprisonment. (ECF No. 53, at 2.)

During his sentencing hearing, the Court advised Young that:

> if any appeal is to be taken, it has to be taken by filing a written notice of appeal with the Clerk of the Court in 14 days' time from the date of the judgment of the Court. And if you don't do it in that way, in that time, in that place, then whatever right of appeal may exist is lost forever.

(ECF No. 65, at 9). Young confirmed that he understood. (Id.) The Court also reminded Aponte of his responsibility to file a

timely "notice of appeal if one is to be filed." (Id. at 9-10). Young did not appeal.

Young filed this § 2255 Motion on May 22, 2023. (ECF No. 56.) Young contends that he is entitled to relief on the following grounds:

> Claim One: "Defense counsel was ineffective for failure to file a direct appeal or [a] motion to reconsider." (Id. at 4.)
>
> Claim Two: "The trial court []erred . . . in denying movant's suppression motion, which challenged a warrantless vehicle search that violated the Fourth Amendment to the United States Constitution." (Id. at 5.)

In an affidavit accompanying his memorandum in support of the § 2255 Motion, Young swears that:

> [O]n April 24, 29, 2022, I . . . sent my lawyer Jose Eugenio Aponte letters to file a motion to reconsider and notice of appeal on my behalf. And on October 28, 2022, [I] sent another letter about my request to file a notice of appeal.

(ECF No. 57-1, at 1.) Young attached purported copies of the letters.

The earliest letter is dated April 24, 2024, and reads, in pertinent part:

> Notice of Appeal
> Motion to Reconsider
>
> I'm writing in regards to my suppression hearing that was denied by Robert E. Payne, Judge, on April 20, 2022. I would like you to file a notice of appeal on my behalf because the Judge abused his discretion

> in denying the motion. And a motion to reconsider because my Fourth Amendment of the Constitution have been infringed upon and the exclusionary rule should have been applied.

(Id. at 3.)

The next letter is dated April 29, 2022, and states:

> I'm writing to you in regards of my April 24, 2022 letter on filing my Motion to Reconsider and a Notice of Appeal. Please write me back or come visit me and explain to me the process on my request for Motion to Reconsider and Notice of Appeal.

(Id. at 2.)

The final letter is dated October 28, 2022, thirty (30) days after the Court entered the Judgment in Young's case. (Id. at 4.) In that letter Young states:

> I'm writing you to advise you to file a Notice of Appeal on my behalf because I shouldn't be going to prison for [an] illegal search on my vehicle without a search warrant. The Judge abused his discretion by allowing police officer to make their own decision that a K-9 alerted when the officer could not control the K-9 dog. This is not right and my 4th Amendment has been violated. Please file a Notice of Appeal.

(Id. at 4.)

The Court expanded the record and ordered Aponte to provide a sworn statement regarding Young's allegations and to provide any documents that bear on Young's allegations. (ECF No. 64.) The Government responded with an affidavit from Aponte in which he denied receiving Young's April 2022 letters. (ECF No. 66-14, at 4-5.) As pertinent here, Aponte states:

> Prior to appearing in Court on June 9, 2022, I met with Mr. Young and reviewed the Statement of Facts and the Plea Agreement prepared by United States Attorney. Specific attention was directed to the section in the [P]lea [A]greement regarding the defendant's right to appeal, if any.

(ECF No. 66-1, at 3 (paragraph number omitted).) Additionally, Aponte swears that, "prior to the guilty plea, I advised Mr. Young of the fact that he would be waiving his right to appeal by accepting the plea agreement." (ECF No. 66-1, at 4.) Finally, Aponte states:

> 1. In his Motion to Vacate, Mr. Young alleged that I failed to file a Motion to Reconsider [or] file a Direct Appeal. He stated that he sent me letters on April 24 and 29, 2022 requesting a Motion to Reconsider and the filing of a Notice of Appeal. I received no letters from Mr. Young requesting either filing.
>
> 2. I spoke to Mr. Young on several occasions between the Motion to Suppress and the entry of a guilty plea. At no point did he mention or discuss a Motion to Reconsider or a desire to appeal. I did not receive any correspondence from Mr. Young dated April 24 or April 29 of 2022.
>
> 3. As referenced above, during the plea colloquy in front of Judge Payne, [Young] was specifically advised of his appellate rights.[2] This included the requirement of notifying counsel to file timely Notice of Appeal. The final order in this case was entered on September 26, 2022.[3] Any request sent by Mr. Young demanding that I note his appeal was purportedly mailed on October 28, 2022. This would

---

[2] Here Aponte's affidavit mistakenly refers to Young's plea colloquy. As recounted above, the Court advised Young of his appellate rights and the deadline for filing a notice of appeal during the sentencing hearing. (ECF No. 65, at 9-10).

[3] September 26, 2022 was the date of the sentencing hearing. Judgment was entered on September 28, 2022.

> have been after the statutory time frame to file a notice of appeal.

(Id. at 4-5.)

By Memorandum Order entered on October 16, 2025, the Court directed Aponte to address the October 2022 letter in a sworn statement. (ECF No. 67.) Aponte submitted a second affidavit in which he denies receiving the October 2022 letter. (ECF No. 68.) As pertinent here, Aponte responds:

> 1. Mr. Young asserts that he sent a letter to me that was dated October 28, 2022. . . . I did not receive any letter from Mr. Young date[d] October 28, 2022.
>
> 2. After the completion of the guilty plea, I received no correspondence from Mr. Young.
>
> 3. The only time that I heard from anyone associated with the defendant was a phone call received from Mr. Young's sister in the early part of 2023, wherein she asked for me to send him a copy of the Court's paperwork.

(ECF. No. 68, at 1.)

Despite the opportunity to file a reply to the Government's response (see ECF No. 64, at 2), Young has not done so.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a convicted defendant must show first that counsel's representation was deficient and second that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). "[A]n attorney who disregards a

defendant's specific instruction to file a timely notice of appeal acts in a professionally unreasonable manner." United States v. Poindexter, 492 F.3d 263, 268 (4th Cir. 2007) (citing Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000)). "[A] presumption of prejudice applies when an attorney's deficient performance deprives the defendant of an appeal." Id. (citing Flores-Ortega, 528 U.S. at 483). Thus, "[f]ailure to file a requested appeal is per se ineffective assistance of counsel, irrespective of the possibility of success on the merits." Strong v. Johnson, 495 F.3d 134, 138 (4th Cir. 2007) (quoting United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995)); see also Poindexter, 492 F.3d at 273 (collecting cases).

The contradictory affidavits here create a conflict in the evidence, which necessitates an evidentiary hearing limited to the question of whether Young instructed Aponte to note an appeal—a possibility the Government conceded in its response. (ECF No. 66, at 10.) An evidentiary hearing is generally required where a court must resolve credibility issues arising from conflicting affidavits. See Blackledge v. Allison, 431 U.S. 63, 82 n.25 (1977); see also United States v. Diaz, 547 F. App'x 303, 304 (4th Cir. 2013) ("[W]e long ago recognized that there remains 'a category of petitions, usually involving credibility, that will require an evidentiary hearing in open

court.'" (quoting Raines v. United States, 423 F.2d 526, 530 (4th Cir. 1970))).

When a district court does not conduct an evidentiary hearing to resolve the contradictory claims of a § 2255 movant and his trial counsel about whether the movant expressly instructed counsel to note an appeal, the Fourth Circuit "assume[s] that [the movant] did so instruct for the purposes of resolving [an] appeal." Poindexter, 492 F.3d at 267. To avoid that result, "the district court should hold a hearing if it is unclear in the record whether the attorney was so instructed," id. at 272, even though "most successful § 2255 movants in the appeal waiver situation obtain little more than an opportunity to lose at a later date." Id. at 273 (citation omitted).

## III. CONCLUSION

Because an evidentiary hearing is necessary, the Court directs the Clerk to appoint counsel to represent Young in this matter. See R. Governing § 2255 Proceedings in U.S. Dist. Cts. 8(c) ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." (emphasis added)). Once appointed, counsel for Young and counsel for the Government shall confer and jointly contact the undersigned's

chambers to schedule a mutually agreeable hearing date. In scheduling the hearing, counsel should consider Aponte's availability, because his testimony will be required.

The evidentiary hearing shall be conducted as soon as practicable. Considering the purpose of the hearing and the nature of his claims, Young will be required to appear in person. Counsel shall accordingly ensure that the hearing date affords the United States Marshals Service adequate time to transport him to this Court, and the United States Attorney shall prepare and file the appropriate writ to secure Young's appearance.

The Clerk is directed to send a copy of this Memorandum Opinion to Young, Aponte, the United States Attorney's Office in Richmond, Virginia, and the United States Marshals Service.

It is so ORDERED.

/s/ REP

Robert E. Payne
Senior United States District Judge

Date: October 6, 2026
Richmond, Virginia